UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAMILO L. LOPEZ, | Civil Action No. 23-2603 (SDW-MAH) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| VICTORIA L. KUHN, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about May 12, 2023, Plaintiff Camilo L. Lopez, a convicted and sentenced state prisoner confined in East Jersey State Prison in Rahway, New Jersey, filed a pro se civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1).

2. This Court administratively terminated this action because Plaintiff did not pay the filing fee or submit a properly completed application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (ECF No. 3).

3. On July 6, 2023, this Court received Plaintiff's properly completed IFP application, which establishes his financial eligibility to proceed without prepayment of the $350 filing fee. (ECF No. 6). Therefore, Plaintiff's IFP application will be granted.

4. Because Plaintiff is granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that

1

for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7.  The defendants to the complaint are New Jersey Department of Corrections ("NJDOC") Commissioner Victoria L. Kuhn, Administrator of East Jersey State Prison ("EJSP") Patrick Nogan, Associate Administrator of EJSP Jeffrey Crothers, Custody Major of EJSP Benjamin Szuba, EJSP Lieutenant Eigenraugh, and EJSP Lieutenant Delarosa.

8.  Plaintiff alleges the following facts.  Plaintiff was transferred from New Jersey State Prison ("NJSP") to EJSP in October 2018.  Defendants Patrick Nogan and Jeffrey Crothers assigned Plaintiff to a double-lock cell, which Plaintiff describes as a cell that was originally built for a single person, but a top bunk was welded to the bed to accommodate a second person.  There is no ladder or safety rail for the top bunk, and many inmates, including Plaintiff, have fallen off the top bunk and hurt themselves.  Additionally, Plaintiff alleges EJSP has no housing classification policy.  Therefore, a vulnerable inmate can be housed with a violent inmate, without consideration of the inmate's safety.  Plaintiff alleges his housing assignment to a double-lock cell was done in retaliation to deter him from filing future complaints against EJSP officials and staff.

9.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

10.  To state a First Amendment retaliation claim, a plaintiff must allege he suffered an adverse action at the hands of prison officials in retaliation for engaging in constitutionally protected conduct, and the constitutionally protected conduct was a substantial or motivating factor

in the adverse action. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). Plaintiff fails to state a First Amendment retaliation claim against Administrators Patrick Nogan and Jeffrey Crothers for assigning him to 3-Wing upon his arrival at EJSP in October 2018. Plaintiff does not allege that he was assigned to 3-Wing as punishment for constitutionally protected conduct but to deter him from filing future lawsuits. In other words, Plaintiff alleges that he was preemptively punished. This is not plausible. There can be no First Amendment retaliation claim before a plaintiff engages in constitutionally protected conduct that provokes an adverse action. This claim is dismissed for failure to state a claim.

11. Next, Plaintiff alleges Jeffrey Crothers retaliated against him by transferring him from a single-man cell to a double-lock cell in 3-Wing in September 2022. The transfer occurred after Plaintiff wrote a letter to Commissioner Kuhn, and she helped Plaintiff obtain a single-man cell, which he moved to in February 2022. To establish the third prong of a First Amendment retaliation claim, motive, plaintiffs can satisfy their burden with evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link. *Id.* Plaintiff wrote to Commissioner Kuhn requesting a single-cell, at the latest, in February 2022. Jeffrey Crothers did not transfer Plaintiff to a double-lock cell in 3-Wing until September 2022. The proximity between these events does not suggest a retaliatory motive. Many intervening causes may have contributed to the transfer over that period of time. Therefore, this Court will dismiss the claim without prejudice.

12. In addition to his First Amendment retaliation claims, Plaintiff brings Eighth Amendment failure to protect claims against Patrick Nogan and Jeffrey Crothers for housing him in different double-lock cells in 3-Wing for at least three years from October 2018 through the

4

time he filed the complaint. To establish an Eighth Amendment failure to protect claim, "an inmate must demonstrate that: (1) he is 'incarcerated under conditions posing a substantial risk of serious harm;' and (2) the prison official acted with 'deliberate indifference' to his health and safety." *Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A substantial risk of serious harm 'may be established by much less than proof of a reign of violence and terror,' but requires more than a single incident or isolated incidents." *Id.* (citing *Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985)). An inmate need not suffer an assault before obtaining relief. *Id.* It is enough to establish deliberate indifference if the official "'knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 837)).

13. Plaintiff's primary complaint about his safety in 3-Wing is that there is no housing classification policy that prevents him from being housed with a cellmate who is severely mentally ill, violent toward people of other races or religions, or known for his past violence. Plaintiff alleges he was housed, at various times, with mentally ill cellmates, cellmates who constantly smoke K2, and violent, racist cellmates, all of whom posed a substantial risk to his safety. To establish deliberate indifference on the part of the defendants, Plaintiff alleges the defendants are aware of many assaults, rapes, and even murders between cellmates, which resulted from the lack of a classification policy.

14. Plaintiff attaches an exhibit to the complaint in support of this claim. (ECF No. 1-2 at 9-14). The exhibit, however, shows only that several civil rights attorneys requested, in November 2020, that the Governor of New Jersey order an investigation of EJSP 3-Wing because they received many complaints about the health and safety of the prisoners. The complaints had not been investigated by the civil rights attorneys, and it is not known whether the complaints were

5

ever substantiated.  To establish that the defendants were deliberately indifferent to a substantial risk of harm, Plaintiff must allege more about his own observations and circumstances, and the defendants' knowledge of the risks to Plaintiff's safety, and their responses to Plaintiff's specific complaints.

15. Although an inmate need not suffer an assault before he can state a failure to protect claim, Plaintiff has not provided sufficient facts concerning the cellmates he has been housed with, how they specifically posed a substantial risk to his safety, which defendants were aware of the risks, how they were aware of the risks, and what they did in response.  Therefore, Plaintiff's claims of failure to protect him from his cellmates will be dismissed without prejudice.

16. Plaintiff raises Eighth Amendment failure to intervene claims against Custody Major Benjamin Szuba and Lieutenant Delarosa for not transferring him out of 3-Wing.  "An officer's failure to stop an ongoing constitutional violation violates the Eighth Amendment when he 'had a reasonable opportunity to intervene and simply refused to do so.'" *Ricks v. Shover*, 891 F.3d 468, 479 (3d Cir. 2018) (quoting *Smith v. Mensinger*, 293 F.3d 641, 650–51 (3d Cir. 2002.))  "[A]n officer is only liable if there is a realistic and reasonable opportunity to intervene." *Id.* (citing *Smith*, 293 F.3d at 651)).  Plaintiff alleges Patrick Nogan and Jeffrey Crothers made the decision to house Plaintiff in a double-lock cell in 3-Wing, and it appears Plaintiff's claims against Custody Major Szuba and Lieutenant Delarosa are that they failed to intervene by refusing to change his housing assignment.  These failure to intervene claims fail for two reasons.  First, Plaintiff has not alleged sufficient facts to establish deliberate indifference to a substantial risk to his safety while housed in 3-Wing; and second, Plaintiff has not alleged when and how Szuba and Delarosa had a realistic and reasonable opportunity to protect Plaintiff from a substantial risk of harm by changing his housing assignment.  These claims will be dismissed without prejudice.

17.  Plaintiff alleges Lieutenant Eigenraugh discriminated against Plaintiff by denying him a single-man cell on 1-Wing for 34-months.  Plaintiff alleges no facts in support of Lieutenant Eigenraugh's discriminatory motive.  Wholly conclusory allegations fail to state a claim. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted)). Therefore, this Fourteenth Amendment discrimination claim will be dismissed without prejudice.

18.  Plaintiff alleges he was moved to a single-man cell on February 8, 2022, but on September 20, 2022, Jeffrey Crothers ordered Plaintiff moved to a double-lock cell on 3-Wing.  Plaintiff attached to his complaint a medical order from Dr. Barrington Lynch, ordering Plaintiff to be housed in a ground-floor cell with a lower bunk for 365 days, beginning September 21, 2022. (ECF No. 1-2 at 6.)  Plaintiff alleges Lieutenant Delarosa intentionally and maliciously caused Plaintiff to remain on 3-Wing against his medical restriction.  Plaintiff has not alleged that 3-Wing is not on the ground floor.  Assuming it is not, Plaintiff has not alleged that there was a ground floor cell with a lower bunk available, and Lieutenant Delarosa had a realistic opportunity to house Plaintiff in such a cell.  This Eighth Amendment claim for deliberate indifference to a serious medical need against Lieutenant Eigenraugh will be dismissed without prejudice.

19.  Plaintiff also alleges the physical conditions in 3-Wing present a serious risk to his health, and that his health has deteriorated after being housed on 3-Wing for three years.  Plaintiff claims that he has suffered chest and back pain, and is in need of a heart transplant. Inmates on 3-Wing smoke K-2 constantly.  The cells on 3-Wing are covered with peeling lead paint and dust, crumbling ceilings with water leaks, there is black mold and lead dust in the air ducts, recurring mold on the walls, strong odor from water leaks in the basement, and no air conditioning or hot water in the cells.  Plaintiff alleges the conditions are the reason 3-Wing is used as a dumping

ground for mentally ill or troublesome inmates, including those who file lawsuits. He alleges these conditions in double-lock cells create foreseeable conflict and violence among the inmates. This Eighth Amendment claim for deliberate indifference to Plaintiff's health and safety may proceed against Patrick Nogan and Jeffrey Crothers, the administrators of EJSP. The conditions of confinement claim is dismissed as to Commissioner Kuhn because Plaintiff has not alleged sufficient facts indicating her deliberate indifference to such conditions. *See Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (holding a plaintiff must allege sufficient facts to support allegations of a supervisor's *actual contemporaneous knowledge* of or personal involvement in any violation of her constitutional rights) (emphasis added).

20. On September 21, 2022, while Plaintiff was being moved from a single-man cell to a double-lock cell in 3-Wing at EJSP, he suffered a medical emergency from chest and back pain. He was observed overnight in the infirmary. Plaintiff informed his doctors that he had been exposed to cellmates who smoked "24/7" and caused him to suffer headaches, chest and lung pain, and sleep deprivation. Plaintiff further alleges he has suffered extreme lumbar pain since February 8, 2022, and Defendants denied him an MRI, denied a neurosurgical appointment, and that doctors have not prescribed an effective pain medication for his nerve pain. Plaintiff further alleges he suffers chronic heart problems and has been denied a necessary heart transplant.

21. Allegations of medical malpractice or disagreement with medical treatment are insufficient to state an Eighth Amendment claim for deliberate indifference to a serious medical need. *Spruill v. Gillis*, 372 F.3d 218, 235-36 (3d Cir. 2004). Moreover, none of the defendants named in the complaint are medical providers. Thus, to state an Eighth Amendment claim against a non-medical prison official, a plaintiff must allege facts showing the prison official had reason to believe or actual knowledge that medical staff were mistreating or not treating the prisoner. *Id.*

8

at 236. Plaintiff has not alleged that the defendants knew Plaintiff had been prescribed an MRI or a neurosurgical appointment and refused him these medical appointments. Similarly, Plaintiff has not alleged that the defendants were aware medical staff denied Plaintiff an effective medication for nerve pain. Finally, Plaintiff has not alleged the defendants were aware medical staff knew of Plaintiff's need for a heart transplant but refused to provide it. This Court will dismiss Plaintiff's Eighth Amendment medical claims without prejudice.

22. In conclusion, this Court will grant Plaintiff's IFP application, dismiss his complaint without prejudice, in part, for failure to state a claim upon which relief may be granted, and permit his Eighth Amendment conditions of confinement claims to proceed against Defendants Nogan and Crothers.

An appropriate order follows.

Dated: _____August 1\_\_\_, 2023

_____
Hon. Susan D. Wigenton,
United States District Judge

9